UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRYL PARKER                                CIVIL ACTION

VERSUS                                       NUMBER: 08-4419
                                             c/w     08-4422

THOMAS J. BUTLER, ET AL.                     SECTION: "S"(5)


**REPORT AND RECOMMENDATION**

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Darryl Parker, has filed the above-captioned consolidated matters in forma pauperis against defendants, Thomas J. Butler, Assistant District Attorney for the Parish of Jefferson, and attorney A.F. "Sony" Armond, Jr.

Plaintiff is an inmate of the East Carroll Detention Center, Lake Providence, Louisiana, who is serving a burglary sentence which was enhanced based upon the fact that he had a prior conviction.  See State v. Parker, 853 So.2d 67 (La. App. 5th Cir. 2003).  Plaintiff alleges that the prior conviction could not

validly be used for sentence enhancement purposes under LSA-15:529.1 and that the defendants are guilty of prosecutorial misconduct and malpractice and malfeasance in office by allowing that to take place.  Plaintiff seeks his release from prison and two million dollars in damages.

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement.  When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979).  Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987).  The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously

presented to the state's highest court in a procedurally proper fashion.  Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff herein alleges that his sentence was unlawfully enhanced due to prosecutorial misconduct and malpractice and malfeasance by his attorney. Such allegations clearly challenge the fact and duration of plaintiff's confinement, a proper habeas corpus issue which cannot be addressed until Parker has exhausted available state court remedies.  McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986).  As plaintiff makes no showing of having done so, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.

The Court must now determine whether any viable §1983 claims are raised by plaintiff's complaint.  The named assistant district attorney is entitled to absolute prosecutorial immunity for the acts complained of sub judice.  Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976); Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993).  And, absent allegations of a conspiracy with traditional

state actors, counsel like defendant Armond are not considered to be acting under color of state law for purposes §1983 liability. Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445 (1981); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985).  Finally, unless and until plaintiff is able to have his enhanced sentence invalidated by an appropriate state or federal tribunal, he has no §1983 cause of action for the improprieties of which he complains herein.  Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).  Plaintiff's §1983 claims should thus be dismissed with prejudice under 28 U.S. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  20th  day of _____October_____, 2008.

_____
UNITED STATES MAGISTRATE JUDGE